IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-247-D

ANNA LAURA HUCKELBA,            )
                                )
              Plaintiff,        )
                                )
         v.                     )           **ORDER**
                                )
DIANE DEERING, THOMAS DEERING,  )
and TLC AUTOWASH AND FAST LUBE, )
                                )
              Defendants.       )

On June 22, 2016, Anna Laura Huckelba ("Huckelba" or "plaintiff") filed a pro se complaint against her former employer TLC Autowash of Fayetteville, Inc.[1] and its two owners, Diane Deering and Thomas Deering, alleging sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. See Compl. [D.E. 6, 6-1]. On August 10, 2016, Diane Deering, Thomas Deering, and TLC Autowash of Fayetteville, Inc. ("TLC") (collectively, "defendants") moved to dismiss Huckelba's complaint [D.E. 18]. See Fed. R. Civ. P. 12(b)(1), (6). On August 29, 2016, Huckelba responded in opposition [D.E. 21]. On September 8, 2016, defendants replied [D.E. 22]. On September 23, 2016, Huckelba filed a "rebuttal" [D.E. 23]. As explained below, the court grants defendants' motion to dismiss.

I.

First, defendants move to dismiss Huckelba's sex-discrimination claim for lack of subject-matter jurisdiction. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests

---

[1] Huckelba erroneously identified TLC Autowash of Fayetteville, Inc. as TLC Autowash and Fast Lube. See [D.E. 1-2]; cf. [D.E. 18] 1. The court uses the correct name.

subject-matter jurisdiction, which is "the court's statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Richmond, 945 F.2d at 768.

Before filing suit under Title VII, a plaintiff must file a charge of discrimination with the EEOC and exhaust her administrative remedies. See, e.g., Sydnor v. Fairfax Cty., 681 F.3d. 591, 593 (4th Cir. 2012); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); Chacko v. Patuxent Inst., 429 F.3d 505, 509–13 (4th Cir. 2005); Miles v. Dell, Inc., 429 F.3d 480, 491–92 (4th Cir. 2005); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132–33 (4th Cir. 2002); Sloop v. Mem'l Mission Hosp., Inc., 198 F.3d 147, 148–50 (4th Cir. 1999); Dennis v. Cty. of Fairfax, 55 F.3d 151, 156–57 (4th Cir. 1995). If a plaintiff fails to exhaust administrative remedies with the EEOC, the court lacks subject-matter jurisdiction over the Title VII claim. See, e.g., Jones, 551 F.3d at 300.

On October 21, 2014, Huckelba filed a sex-discrimination charge with the EEOC. See [D.E. 24] 2. On June 26, 2015, Huckelba withdrew her EEOC charge and did not obtain a right to sue notice. See Compl. [D.E. 6-1] ¶ 13. Because she voluntarily withdrew her EEOC charge and failed to obtain a right to sue notice concerning her sex-discrimination claim, Huckelba failed to exhaust her administrative remedies, and this court lacks subject-matter jurisdiction over her sex-discrimination claim. See, e.g., Jones, 551 F.3d at 300; Khader v. Aspin, 1 F.3d 968, 971 (10th Cir.

2

1993); Davis v. N.C. Dep't of Corrections, 48 F.3d 134, 137–38 (4th Cir. 1995); Smeltzer v. Potter, No. 3:10-CV-178, 2010 WL 4818542, at *3 (W.D.N.C. Nov. 22, 2010) (unpublished). Thus, the court grants defendants' motion to dismiss Huckelba's sex-discrimination claim for lack of subject-matter jurisdiction.

In opposition, Huckelba cites a second EEOC charge she filed on December 6, 2015. See [D.E. 24-1] 2. In her second EEOC charge, Huckelba alleged that TLC terminated her employment on October 23, 2015, in retaliation for her first EEOC charge. See id. The EEOC charge form contained a field describing the alleged discrimination. Huckelba checked the retaliation box but not the sex-discrimination box. Id. On March 14, 2016, the EEOC found no violation and issued a right to sue notice. See [D.E. 3]. Although Huckelba did not check the sex-discrimination box on her EEOC charge form, she asserts that an unidentified woman at the EEOC told her that the second EEOC charge would include sex discrimination. See [D.E. 23]. Thus, Huckelba argues that this court should construe her second EEOC charge to allege sex discrimination. See id.

The court rejects Huckelba's argument. The scope of Huckelba's right to file a federal lawsuit is determined by the EEOC charge's content, not by statements of an EEOC employee. See, e.g., Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 406–09 (4th Cir. 2013); Jones, 551 F.3d at 300. Huckelba's second EEOC charge did not allege sex discrimination. See [D.E. 24-1] 2. Rather, Huckelba alleged only retaliation. See id. Thus, the court lacks subject-matter jurisdiction over Huckelba's sex-discrimination claim. Balas, 711 F.3d at 406–09; Jones, 551 F.3d at 300; Chacko, 429 F.3d at 509; Miles, 429 F.3d at 491–92; Sloop, 198 F.3d at 148–50.

II.

Next, defendants move to dismiss Huckelba's retaliation claim against the Deerings and TLC for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

3

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In evaluating a complaint, the court "accepts all well-pled facts as true" but need not accept a complaint's "bare assertions devoid of further factual enhancement" nor a complaint's conclusions of law. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quotation omitted).

When evaluating a motion to dismiss under Rule 12(b)(6), a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. duPont de Nemours Co. v. Kolon Indus., 637 F.3d 435, 448 (4th Cir. 2011); Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). In considering a motion to dismiss under Rule 12(b)(6), a court may take judicial notice of an EEOC charge and right to sue notice incorporated into a complaint without converting the motion to dismiss into a motion for summary judgment. See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Sec'y of State for Defence v. Trimble Nav. Ltd., 484 F.3d 700, 705 (4th Cir. 2007). Thus, the court considers Huckelba's complaint, her two EEOC charges, and her right to sue notice.

The standards used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however, inartfully pleaded, must be held to less stringent standard than formal pleading drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted).

4

Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusion,'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–83; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd., 591 F.3d at 255–56; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5. "The special judicial solicitude with which a district court should view . . . pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) (quotation omitted). Every party—pro se or otherwise—must comply with the Federal Rules of Civil Procedure. See Iqbal, 556 U.S. at 678; Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam).

Huckelba's complaint contains no direct evidence of retaliation. Instead, she relies on the McDonnell Douglas framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800–06 (1973); see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506–07 (1993); Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252–55 (1981); Balas, 711 F.3d at 410; Holland v. Wash. Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007); Spriggs v. Diamond Auto Glass, 242 F.3d 179, 190 (4th Cir. 2001); Holley v. N.C. Dep't of Admin., 846 F. Supp. 2d 416, 441 (E.D.N.C. 2012). To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in protected activity; (2) her employer took action against her that a reasonable employee would find materially adverse; and (3) the employer took the materially adverse employment action because of the protected activity. Balas, 711 F.3d at 410; Holland, 487 F.3d at 218; Bryant v. Aiken Reg'l

Med. Ctrs., Inc., 333 F.3d 536, 543 (4th Cir. 2003); see Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2524–33 (2013); Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 67–70 (2006). An adverse employment action includes "[a] discriminatory act that adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment." Holland, 487 F.3d at 219 (quotation omitted) (alteration in original); see Burlington N. & Santa Fe Ry., 548 U.S. at 68–70; Balas, 711 F.3d at 410.

To survive a motion to dismiss, a Title VII plaintiff must plausibly allege her statutory claim (though not a prima facie case). See McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 585–88 (4th Cir. 2015), cert. denied, 136 S. Ct. 1162 (2016). As for causation, the Fourth Circuit has held that

> [f]or status-based discrimination claims, the employee must "show that the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision." Univ. of Texas Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2523 (2013). Retaliation claims, by contrast, require the employee to show "that retaliation was a but-for cause of a challenged adverse employment action." [Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 252 (4th Cir. 2015)]; see Nassar, 133 S. Ct. at 2533 ("Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e–2(m)...").

Guessous v. Fairview Prop. Investments, LLC, 828 F.3d 208, 216–17 (4th Cir. 2016) (parallel citations omitted). Thus, to state a Title VII retaliation claim, a plaintiff must plausibly allege a but-for causal connection between plaintiff's protected activity and the alleged retaliation. See id. Naked allegations of a causal connection between plaintiff's protected activity and the alleged retaliation do not state a plausible Title VII claim. See McCleary-Evans, 780 F.3d at 585–88.

As for Huckelba's Title VII claims against Diane Deering and Thomas Deering, Huckelba fails to state a claim upon which relief can be granted. See, e.g., Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998). Diane Deering and Thomas Deering are co-owners of TLC, but

were not Huckelba's employer. Id. They were her supervisors and cannot be liable "in their individual capacities for Title VII violations." Id. at 181. Thus, the court grants their motion to dismiss and dismisses them as defendants. See id.

As for Huckelba's retaliation claim against TLC, Huckelba's complaint does not plausibly allege but-for causation. According to Huckelba, on October 21, 2014, she filed her first EEOC charge alleging sex discrimination concerning her non-promotion to store manager. See Compl. ¶ 13; [D.E. 24] 2. On May 28, 2015, TLC (through Thomas Deering and Diane Deering) promoted Huckelba to store manager. See Compl. ¶ 13. After being promoted, Huckelba withdrew her EEOC charge on June 26, 2015. See id. In October 2015, Thomas Deering reprimanded Huckelba for having an unclean car wash tunnel. See id. ¶ 14. On October 13, 2015, Huckelba complained to Thomas Deering about her monthly bonus being $44 short, and Thomas Deering promptly told her that the company would add the $44 to her next paycheck. Id. On October 23, 2015, Thomas Deering discharged Huckelba from her employment with TLC. See [D.E. 6] ¶ 7; Compl. ¶ 15. On December 6, 2015, Huckelba filed her second EEOC charge. See [D.E. 24-1] 2.

Huckelba does not state a plausible Title VII retaliation claim for at least two reasons. First, the four-month lapse in time between Huckelba's protected activity of filing and maintaining an EEOC charge from October 21, 2014, through June 26, 2015, and the adverse employment action of October 23, 2015, defeats any plausible inference of but-for causation. See, e.g., Clark Cty. School Dist. v. Breeden, 532 U.S. 268, 273–74 (2001) (per curiam); Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) (a "lengthy time lapse" between protected activity and adverse employment action negates any inference of causation); cf. King v. Rumsfeld, 328 F.3d 145, 151 (4th Cir. 2003) (a two-month time lapse between protected activity and adverse employment action is sufficient to show the causation element of a prime facie case of

7

retaliation). Second, the same-actor inference defeats any plausible inference of but-for causation between Huckelba's protected activity and her termination. Here, TLC (through Thomas Deering and Diane Deering) promoted Huckelba to store manger after she filed her first EEOC charge and while her EEOC charge concerning not being promoted to store manager was pending. See Compl. ¶ 13. An employer who knowingly promotes a worker who engaged in protected activity "seldom will be [a] credible target for charges of pretextual firing." Proud v. Stone, 945 F.2d 796, 798 (4th Cir. 1991); see Taylor v. Va. Union Univ., 193 F.3d 219, 231 (4th Cir. 1999) (en banc) (discussing same-actor inference), abrogated in part on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 959 (4th Cir. 1996) (same); Tyndall v. Nat'l Educ. Ctrs., Inc., 31 F.3d 209, 214–15 (4th Cir. 1994) (same). Thus, Huckelba fails to plausibly allege a Title VII retaliation claim.

III.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 18]. The court DISMISSES with prejudice Diane Deering and Thomas Deering as defendants. The court DISMISSES plaintiff's sex-discrimination claim for lack of subject-matter jurisdiction. The court DISMISSES without prejudice plaintiff's retaliation claim for failure to state a claim upon which relief can be granted.

SO ORDERED. This 17 day of October 2016.

JAMES C. DEVER III
Chief United States District Judge